# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# —BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| JOSE ALEJANDRO TREJO, | § | |
| a/k/a ALEX TREJO, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIV. NO. B-05-094 |
| | § | |
| CINGULAR WIRELESS, LLC, | § | |
| d/b/a CINGULAR WIRELESS, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jose Alejandro Trejo ("Trejo"), filed suit against Cingular Wireless ("Cingular") claiming he was discriminated against in violation of the Age Discrimination in Employment Act ("ADEA") and the Texas Commission on Human Rights Act ("TCHRA"). Pending before the Court is Defendant's Motion for Summary Judgment and Brief in Support [Docket No. 16], which was filed on July 31, 2006.  Plaintiff has not filed a response.

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a motion will be submitted to the judge twenty days after filing  (August 21, 2006, in this case) and that the failure to respond will be taken "as a representation of no opposition."  Rule 7.4(a) plainly states that such responses must be filed by the submission date (August 21, 2006).  Therefore, the local rules would allow the Court to grant Defendant's Motion for Summary Judgment and Brief in Support [Docket No. 16] as it should be considered unopposed.  However, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707-09 (5th Cir. 1986).   In fact, the Fifth Circuit has explicitly held that the granting of motions for summary

judgment and dismissal for want of prosecution pursuant to local rules obligating the opposing party to reply within a given time is improper. *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.,* 631 F.2d 1210, 1213-14 (5th Cir. 1980). Therefore, a dismissal pursuant to the local rules based solely on Plaintiff's failure to respond to Defendant's motion would be improper. The Court will now turn to the merits of Defendant's Motion for Summary Judgment.

There is a three step burden shifting framework in ADEA and TCHRA cases. *Machinchick v. P.B. Power, Inc.*, 398 F.3d 345, 350, 356 (5th Cir. 2005) (holding that the burden shifting analysis from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to both ADEA and TCHRA cases). "First, the plaintiff must establish a prima facie case of discrimination." *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 142 (2000). Second, once the plaintiff has established a prima facie case, the burden shifts "to [the] respondent 'to produc[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason.'" *Id.* (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)). Third, once the employer has produced evidence to support a nondiscriminatory reason, "the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive alternative)." *Machinchick*, 398 F.3d at 352.

In order to establish a prima facie case of discrimination, Trejo must show direct evidence of discrimination or circumstantial evidence that: "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either (i)

replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of his age." *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004). Cingular argues that Trejo has not established a prima facie case because he cannot show he was replaced by someone outside the protected class, replaced by someone younger, or otherwise discharged because of his age. [Docket No. 16] (noting that there is no evidence Trejo was replaced at all). Assuming, without deciding, that Trejo established a prima facie case of discrimination, the Court will turn to the second element in the burden shifting framework.

In this case Cingular has produced evidence that Trejo's employment was terminated based on his failure to meet the required sales quota—a legitimate, nondiscrimatory reason. The Fifth Circuit has explained that there are two ways a plaintiff can survive summary judgment once the employer has shown a nondiscriminatory purpose: "(1) the plaintiff may offer evidence showing that the defendant's proffered nondiscriminatory reasons are false; or (2) the plaintiff may offer evidence showing that his age was a motivating factor for the defendant's adverse employment decision." *Machinchick*, 398 F.3d at 352. Although Trejo is free to dispute that his failure to meet the sales quota was the actual reason for his discharge, or allege that it was merely one nondiscriminatory factor among other discriminatory factors leading to his discharge, he has not done so. His failure to respond to Cingular's motion leaves the Court without any summary judgment evidence to raise a fact issue in this matter. Trejo has failed to offer evidence of the falsity of Defendant's allegations or evidence showing his age or injury was a motivating factor. Nor has Trejo pointed to anything in the record which raises a fact issue. The Court is not required to glean facts from the record when a plaintiff has failed to respond to a motion for summary judgment. *Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D.Tex. 1996) (explaining that "[a] summary judgment nonmovant who does

not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence).

Therefore, Defendant's Motion for Summary Judgment [Docket No. 16] is hereby **GRANTED**.  The Agreed Motion Requesting the Court to Extend the Deadline for Filing the Joint Pretrial Order from September 8, 2006, to September 15, 2006 [Docket No. 17], is **DENIED as moot**.

Signed this 7th day of September, 2006.

Andrew S. Hanen
United States District Judge